## WHITE v. HAYNES.

TRUST.—*Pleading.*—*Parties.*—Complaint by A. against B., alleging that the plaintiff was the widow of C., who at his death was treasurer of a certain county; that the defendant and others were the sureties on his official bond; that subsequent to C.'s death it was represented to the plaintiff that he was a defaulter in said office, and that his said sureties would have to pay the deficiency; that, for the purpose of saving said sureties from loss, she conveyed to B. certain real estate, on the following express condition: "This conveyance to" B. "is in trust that said land be sold and the proceeds applied towards a payment of the deficiency in the treasury of" said county "which is chargeable against" C., "late treasurer of said county, and his bail, and for no other purpose, said" B. "to be governed as to sale and price by the majority of the bondsmen of said" C.; that, in truth, there was no such deficiency; that none of the sureties had ever paid any thing by reason of their being such sureties; that if there ever was a deficiency and a consequent liability of the sureties, the right of action in favor of said county against said sureties had been barred by the statute of limitations; that the defendant had been in possession of said land from the date of said deed of trust, using it for his own purposes and advantage, enjoying the rents and profits, and keeping the plaintiff out of possession without right; that defendant had in no manner sold or conveyed the land or any part of it for the purpose of executing said trust; that there was not, and never had been, any necessity for a sale for the purpose declared in said deed; that the annual rents and profits of the land had been a certain sum; that the land was her own separate property; and that she had demanded a reconveyance, the possession, and an accounting for the rents and profits, which the defendant had refused. Prayer, for a reconveyance, possession, an accounting for rents and profits, and an injunction restraining the defendant from conveying the land during the pendency of the suit. A copy of the bond of C., as treasurer, and a copy of said deed of trust were filed with the complaint, which was sworn to.

*Held,* that the complaint stated facts sufficient to entitle the plaintiff to the relief prayed for.

*Held,* also, that it was not necessary or proper for the plaintiff to make the commissioners of said county parties defendants.

APPEAL from the Jay Circuit Court.

BUSKIRK, J.—The appellant filed a complaint in the court below against the appellee, to obtain a reconveyance of certain real estate, and an accounting for the rents and profits thereof. The complaint alleges, that the plaintiff is the widow of Alexander White, deceased; that her late

husband was, at the time of his death, the treasurer of Jay county; that the appellee and others were the sureties of the said White, on his official bond as such treasurer; that subsequent to his death, it was represented to her that her said husband was a defaulter in his said office, and that his sureties would have to pay such deficiency; that, for the purpose of saving the said sureties from loss, she, on the 9th day of December, 1857, conveyed to the appellee the tract of land described in the complaint, on the following express condition, namely: "This conveyance to the said Jacob M. Haynes is in trust that said land be sold and the proceeds applied towards a payment of the deficiency in the treasury of Jay county, Indiana, which is chargeable against Alexander White, late treasurer of said county, and his bail, and for no other purpose; said Haynes to be governed as to sale and price by the majority of the bondsmen of said Alexander White;" that, in truth, there was no deficiency in the account of the said White with the said county; that the said appellee, and none of the other sureties, had ever paid a cent to the said county, or to any person, by reason of their being such sureties; that if there ever was a deficiency and a consequent liability on the part of the sureties, the right of action in favor of the said county and against the said sureties had long since been barred by the statute of limitations; that the said appellee had been, from the date of the said deed of trust, in the possession of the said tract of land, using the same for his own purposes and advantage, enjoying the rents and profits thereof, and keeping her out of the possession of the same without right; that the appellee had in no manner sold or conveyed the said land, or any part thereof, for the purpose of executing the said trust; that there never had been, and was not then, any necessity for the sale of the same for the purposes declared in the said deed; that the annual rents and profits of the said real estate had been one hundred dollars; that the said real estate was her own separate property; and that she had demanded a reconveyance, the

possession, and an accounting for the rents and profits, which had been refused by the appellee.

The prayer of the complaint was for a reconveyance of the land, possession of the same, and an accounting for the rents and profits. The plaintiff also prayed for an injunction restraining the defendant from conveying the said premises until the final determination of the cause. Copies of the bond of the said White as treasurer and the said deed of conveyance were filed with and made a part of the complaint. The complaint was sworn to.

The appellee demurred to the complaint, and assigned for causes of demurrer that the complaint did not contain facts sufficient to constitute a cause of action, and that there was a defect of parties defendant, in this, that the commissioners of Jay county should have been made defendants. The demurrer was sustained, and excepted to. The plaintiff refusing to amend, judgment was rendered for the defendant, which was excepted to. The sustaining of the demurrer to the complaint is assigned for error, and this is the only question that is submitted for our decision. We think that the facts stated in the complaint constituted a good cause of action, and if true entitled the appellant to the relief prayed for. But it is insisted that there was a defect of parties; that the commissioners of Jay county should have been made defendants. We do not think they were either necessary or proper parties to the complaint. The demurrer admitted the truth of the matters alleged in the complaint. If the facts as alleged were true, the commissioners of Jay county had no interest in the controversy. It was averred that the said White as such treasurer was not a defaulter, and was not in any manner indebted to the county; and that if there ever was a right of action on his bond, it had been for several years barred by the statute of limitations. The appellee might in his answer or cross complaint have shown such a state of facts as would have made the commissioners necessary parties; and in that case he could have made them parties, and had

the cause delayed until they had been served with process. The court erred in sustaining the demurrer.

The judgment is reversed, with costs; and the cause is remanded, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

*L. Barbour* and *C. P. Jacobs,* for appellant.

*W. March,* for appellee.